Patrick. R. Leverty, Esq., NV Bar No. 8840
pat@levertylaw.com
LEVERTY & ASSOCIATES LAW, CHTD.
608 Lander Street
Reno, Nevada 89509
Ph: (775) 322-6636
Facsimile: (775) 322-3953
*Attorneys for Plaintiffs John McOmber and*
*Christy McOmber*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOHN MCOMBER, an individual; and CHRISTY MCOMBER, an individual, <br><br> Plaintiffs <br><br> vs. <br><br> STATE FARM FIRE AND CASUALTY COMPANY; a foreign corporation; ALACRITY CLAIMS SOLUTIONS LLC, a foreign corporation; DOES I through XXX; and ABC CORPORATIONS A-Z; inclusive, <br><br> Defendants | Case No.:  3:26-cv-00023-MMD-CLB <br><br> **ORDER GRANTING STIPULATED DISCOVERY PLAN & SCHEDULING ORDER (SPECIAL SCHEDULING REVIEW REQUESTED)** |

Plaintiffs John McOmber and Christy McOmber, by and through their counsel of record, Leverty & Associates Law Chtd., Defendant State Farm Fire and Casualty Company, by and through their counsel of record Lewis Brisbois Bisgaard & Smith LLP, Defendant Alacrity Claims Solutions, LLC, by and through Gordon & Rees, hereby file the following STIPULATED DISCOVERY PLAN & SCHEDULING ORDER (SPECIAL SCHEDULING REVIEW REQUESTED).

## I.  EARLY CASE CONFERENCE AND WHO ATTENDED

The early case conference was held on Monday, March 9, 2026. The conference was attended by Patrick Leverty, Esq. of Leverty & Associates Law Chtd. on behalf of Plaintiffs John McOmber and Christy McOmber, Andrew Switlyk, Esq. of Lewis Brisbois Bisgaard & Smith LLP on behalf of Defendant State Farm Fire and Casualty Company, and William Ginn, Esq. of Gordon Rees Scully Mansukhani, LLP, on behalf of Alacrity Claims Solutions, LLC.



1

## II. A SHORT STATEMENT OF THE NATURE OF THE CASE, INCLUDING A DESCRIPTION OF EACH CLAIM AND DEFENSE

### A. Narrative Description of the Case

This is an insurance case against State Farm stemming from a claim made on Plaintiffs' homeowners' insurance policy. Plaintiffs also brought claims against Alacrity, State Farm's third-party claims adjusting company.

### B. Claims Asserted

Plaintiffs asserted three claims against State Farm: (1) Breach of Contract; (2) Breach of the Duty of Good Faith and Fair Dealing and (3) Statutory Bad Faith – Breach of Nevada's Unfair Trade Practices. Plaintiffs asserted three claims against Alacrity: (1) negligence; (2) aiding and abetting State Farm's tortious breach of the duty of good faith and fair dealing; and (3) breach of NRS 686A.310.

### C. State Farm's Defenses

At this time, Defendant State Farm states the following Affirmative Defenses as discussed and defined by Federal Rule of Civil Procedure 8(c). The Affirmative Defenses included herein may be supplemented, modified, amended, or abandoned as dictated by further investigation and/or discovery.

#### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each and every cause of action contained therein fails to state a cause of action upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE

State Farm satisfied any and all duties owed to Plaintiffs under the terms of the insurance agreement that was entered into with the Plaintiffs.

#### THIRD AFFIRMATIVE DEFENSE

State Farm alleges that the Plaintiffs have no grounds to bring this suit under the terms of the relevant Policy.



**FOURTH AFFIRMATIVE DEFENSE**

The damages allegedly sustained by the Plaintiffs, if any, were not caused by any breach of contract of duty by State Farm, but rather by the acts or omissions of third persons who were not acting on behalf of State Farm.

**FIFTH AFFIRMATIVE DEFENSE**

State Farm has not breached any contract.

**SIXTH AFFIRMATIVE DEFENSE**

State Farm substantially performed under the contract.

**SEVENTH AFFIRMATIVE DEFENSE**

State Farm was justified in its failure to perform, if any.

**EIGHTH AFFIRMATIVE DEFENSE**

State Farm at all times herein acted reasonably and in good faith in discharging its obligations and duties, if any.

**NINTH AFFIRMATIVE DEFENSE**

Coverage under the applicable policy of insurance is subject to all terms, conditions, provisions, definitions, limitations, exclusions and endorsements of such policy. Plaintiffs' claim is barred, excluded, restricted, and/or limited accordingly.

**TENTH AFFIRMATIVE DEFENSE**

State Farm is not subject to punitive damages based on the allegations in Plaintiffs' Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

State Farm is entitled to assert any applicable offsets permitted by contract or law, if any, against the total amount of damages awarded to Plaintiff by a jury for damages allegedly sustained in this action.

**TWELFTH AFFIRMATIVE DEFENSE**

State Farm has acted reasonably and in good faith under the circumstances known to State Farm and continues to do so.

3

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs lack legal entitlements to assert a bad faith claim as contemplated by the Nevada Supreme Court in Pemberton v. Farmers Insurance Exchanges, 109 Nev. 789,  P.2d 380 (1993)

**FOURTEENTH AFFIRMATIVE DEFENSE**

The facts alleged by the Plaintiffs are insufficient to support a claim for punitive damages, and any such claim for punitive damages is limited or prohibited by Nevada law and by the Constitution of the United States.

**FIFTEENTH AFFIRMATIVE DEFENSE**

State Farm reserves the right to seek leave of Court to amend this Answer to specifically assert any such defenses in the event further investigation or discovery reveals the applicability of any such defenses. Such defenses are herein incorporated by reference for the specific purpose of not waiving any such defense.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Pursuant to FRCP 11, as amended, all possible affirmative defenses, may not have been alleged herein, insofar as sufficient facts were not available after reasonable inquiry, therefore, State Farm reserves the right to amend its Answer to allege additional affirmative defenses if subsequent investigation or discovery warrants.

**D.      Alacrity's Defenses**

**FIRST AFFIRMATIVE DEFENSE**

This Answering Defendant denies the allegations of Plaintiffs' Complaint, and each cause of action, and each paragraph in each cause of action, and each and every part thereof, including a denial that Plaintiffs were damaged in the sum or sums alleged, or to be alleged, or any other sum or sums whatsoever, and that Plaintiffs' alleged medical expenses were not reasonable and/or necessary.

**SECOND AFFIRMATIVE DEFENSE**

This Answering Defendant is informed and believes, and thereon alleges, that Plaintiffs' Complaint, and each and every cause of action stated therein, fails to state facts sufficient to constitute a cause of action, or any cause of action, this Answering Defendant.

4

**THIRD AFFIRMATIVE DEFENSE**

This Answering Defendant is informed and believes, and thereon alleges, that this Answering Defendant is not legally responsible for the acts and/or omissions of other Defendants, including those named by Plaintiffs as fictitious Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

This Answering Defendant is informed and believes, and thereon alleges, that if Plaintiffs herein suffered or sustained any loss, injury, damage or detriment, the same is directly and proximately caused and contributed to, in whole or in part, by the breach of warranty, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others or other Defendants, including Plaintiffs and those named as DOE or ROE Defendants, thereby completely or partially barring Plaintiffs' recovery herein.

**FIFTH AFFIRMATIVE DEFENSE**

This Answering Defendant is informed and believes, and thereon alleges, that it is not legally responsible in any fashion with respect to the damages and injuries claimed by Plaintiffs; however, if this Answering Defendant is subjected to any liability to Plaintiff, it will be due, in whole or in part, to the breach of warranty, acts, omissions, activities, carelessness, recklessness, and negligence of others; wherefore any recovery obtained by the Plaintiffs or any other party herein against this Answering Defendant should be reduced in proportion to the respective fault and legal responsibility of all other parties, persons and entities, their agents, servants and employees who contributed to and/or caused any such injury and/or damages, in accordance with the law of comparative negligence; consequently, this Answering Defendant is informed and believes, and thereon alleges, that the liability of this Answering Defendant, if any, is limited in direct proportion to the percentage of fault actually attributed to this Answering Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

If this Answering Defendant is found responsible in damages to Plaintiffs or some other party, whether as alleged or otherwise, then this Answering Defendant is informed and believes, and thereon alleges, that the liability will be predicated upon the active conduct of Plaintiff,

whether by negligence, breach of contract, breach of warranty, strict liability in tort or otherwise, which unlawful conduct proximately caused the alleged incident and that Plaintiffs' action against this Answering Defendant is barred by that active and affirmative conduct.

### SEVENTH AFFIRMATIVE DEFENSE

This Answering Defendant is informed and believes, and thereon alleges, that at the time or place of the incidents alleged in the Plaintiffs' Complaint, Plaintiffs knew of and fully understood the danger and risks incident to his undertaking, but despite such knowledge, freely and voluntarily assumed and exposed himself to all the risk of harm and the consequent injuries and damages, if any, resulting therefrom.

### EIGHTH AFFIRMATIVE DEFENSE

This Answering Defendant is informed and believes, and thereon alleges, that as to each alleged cause of action, Plaintiffs have failed, refused and neglected to take reasonable steps to mitigate Plaintiffs' alleged damages, if any, thus barring or diminishing Plaintiffs' recovery herein.

### NINTH AFFIRMATIVE DEFENSE

This Answering Defendant avers that Plaintiffs' lack standing to bring claims directly against it.

### TENTH AFFIRMATIVE DEFENSE

It has been necessary for this Answering Defendant to retain the services of an attorney to defend this action, and this Answering Defendant is entitled to a reasonable sum as and for attorney's fees.

### ELEVENTH AFFIRMATIVE DEFENSE

This Answering Defendant is informed and believes, and thereon alleges, that Plaintiffs expressly, voluntarily, and knowingly assumed all risks about which he complains of in Plaintiffs' Complaint, and, therefore, is barred either totally, or to the extent of said assumption, from any damages.



6

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claim for attorney's fees as alleged in the Complaint are not recoverable herein and have been improperly pled in Plaintiffs' Complaint. This Answering Defendant specifically reserves the right to have Plaintiffs' improperly pled claim for attorney's fees dismissed prior to trial.

**THIRTEENTH AFFIRMATIVE DEFENSE**

This Answering Defendant is informed and believes, and thereon alleges, that it does not owe any legal duties to Plaintiffs, and therefore, cannot be held liable for any breach of any duty as no actionable duty exists.

**FOURTEENTH AFFIRMATIVE DEFENSE**

This Answering Defendant is informed and believes, and thereon alleges, that Plaintiffs lack personal jurisdiction over this Answering Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

This Answering Defendant is informed and believes, and thereon alleges, that Plaintiffs failed to properly plead special damages as required by N.R.C.P. 9(g), and therefore, Plaintiffs should be barred from recovering any damages within this category.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Any damages suffered by Plaintiffs were a direct and proximate result of Plaintiffs' own misconduct and actions, and therefore Plaintiffs' claims against this Answering Defendant should be denied, or any recovery reduced in proportion to said fault and/or negligence of Plaintiff.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged damages, expenses and costs incurred were not reasonable and/or necessary.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

This Answering Defendant is informed and believes, and thereon alleges, that the Complaint, and each and every cause of action contained therein, is barred by the applicable Statutes of Limitation.



**NINETEENTH AFFIRMATIVE DEFENSE**

This Answering Defendant is informed and believes, and thereon alleges, that Plaintiffs unreasonably delayed both the filing of the Complaint and notification of this Answering Defendant to the alleged negligence and  the basis for the causes of action alleged against this Answering Defendant, all of which has unduly and severely prejudiced this Answering Defendant in her defense of the action, thereby barring or diminishing Plaintiffs' recovery herein under the Doctrine of Estoppel.

**TWENTIETH AFFIRMATIVE DEFENSE**

This Answering Defendant is informed and believes, and thereon alleges, that Plaintiffs unreasonably delayed both the filing of the Complaint and notification of this Answering Defendant to the alleged negligence and  the basis for the causes of action alleged against this Answering Defendant, all of which has unduly and severely prejudiced this Answering Defendant in her defense of the action, thereby barring or diminishing Plaintiffs' recovery herein under the Doctrine of Waiver.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

This Answering Defendant is informed and believes, and thereon alleges, that Plaintiffs unreasonably delayed both the filing of the Complaint and notification of this Answering Defendant to the alleged negligence and  the basis for the causes of action alleged against this Answering Defendant, all of which has unduly and severely prejudiced this Answering Defendant in its defense of the action, thereby barring or diminishing Plaintiffs' recovery herein under the Doctrine of Laches.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

This Answering Defendant is informed and believes, and thereon alleges, that Plaintiffs have failed to join all necessary and indispensable parties to this lawsuit.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

This Answering Defendant is informed and believes, and thereon alleges, that the injuries and damages of which the Plaintiffs complain were proximately caused by, or contributed to by, the acts of other defendants, cross-defendants, persons, and/or other entities,

8

and that said acts was an intervening and superseding cause of the injuries and damages, if any, of which the Plaintiffs complain, thus barring the Plaintiffs from any recovery against this Answering Defendant.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

This Answering Defendant is informed and believes, and thereon alleges, that the claims of Plaintiffs are reduced, modified and/or barred by the Doctrine of Unclean Hands.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

This Answering Defendant is informed and believes, and thereon alleges, that any and all events, happenings, injuries and damages alleged by Plaintiffs were as a direct result of an act of God.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to name each party necessary for full and adequate relief essential in this action.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

This Answering Defendant is informed and believes, and thereon alleges, that the claims of Plaintiffs are reduced, modified and/or barred by collateral estoppel.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

This Answering Defendant is informed and believes, and thereon alleges, that Defendant acted in a reasonable and prudent manner, and its behavior did not fall below the applicable standard of care.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

This Answering Defendant alleges that any and all conduct of which Plaintiff complains and which is attributed to Defendant or their respective agents or employees, was a just and proper exercise of management discretion on the part of Defendant and their respective agents and employees undertaken for a fair and honest reason and regulated by good faith under the circumstances then existing.



**THIRTIETH AFFIRMATIVE DEFENSE**

This Answering Defendant alleges that Defendants acted in good faith in accordance with reasonable and sound business judgment and that all employment decisions affecting Plaintiff, if any, were based on legitimate, non-retaliatory and non-ratifying reasons.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

This Answering Defendant alleges that it is in substantial and/or complete compliance with all applicable laws and statutes.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs lack legal entitlements to assert a bad faith claim as contemplated by the Nevada Supreme Court in *Pemberton v. Farmers Insurance Exchange*, 109 Nev. 789, 8 P.2d 380 (1993).

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

This Answering Defendant disputes Plaintiffs' right, if any, to recover any punitive damages as it did not act with malice and/or fraud and/or oppression and, therefore exemplary and punitive damages are not available to Plaintiffs as a matter of law. Any such recovery would be unconstitutional under applicable Federal and States Constitutional protections, including the right to due process under the Fifth and Fourteenth Amendments of United States Constitution.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' request for punitive damages fails to establish that Answering Defendant's conduct was malicious, oppressive, and/or with conscious disregard for the rights and/or safety of others.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

The facts alleged by Plaintiffs are insufficient to support a claim for punitive damages, and any such claim for punitive damages is limited or prohibited by Nevada law and by the Constitution of the United States.

10

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

This Answering Defendant is informed and believes and based thereon alleges that Plaintiffs cannot recover any amount for punitive damages as alleged in the Complaint because NRS 42.005, pursuant to which punitive damages are sought, is void for vagueness, constitutes an unconstitutional penalty, violates specific State and Federal constitutional rights to procedural and substantive due process and equal protection under the laws thus exposing this Answering Defendant to punishment more than once for the same alleged offense, violates the excessive fines clause of the Eighth Amendment of the United States Constitution, gives the finder of fact unlimited discretion in imposing damages, and violates this Answering Defendant's rights to procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

This Answering Defendant is informed and believes that punitive damages are not available remedies for the claims pled against it.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The standard for punitive damages fails to comply with the procedural and substantive requirements for punitive damages set forth in *State Farm Mutual Automobile Ins. Co. v. Campbell* 538 U.S. 408 (2003) in that it lacks sufficiently objective criteria and procedural safeguards to give a jury adequate guidance on an appropriate range of proportionality for punitive damages.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

This Answering Defendant is informed and believes, and thereon alleges, that it has a right to contribution and indemnity from other defendants or other parties or potential future parties, arising out of the subject matter of this action, thereby reducing or completely barring her liability to Plaintiffs or others arising out of the subject matter at issue in this litigation.

## FORTIETH AFFIRMATIVE DEFENSE

This Answering Defendant is informed and believes, and thereon alleges, that the occurrence referred to in Plaintiffs' Complaint, and all injuries, losses and/or damages, if any,

11

resulting therefrom, was caused by the acts or omissions of a third-party over whom this Answering Defendant had no control, and that this Answering Defendant is therefore entitled to an apportionment of responsibility for the damages, if any, as alleged by Plaintiffs to the extent that such damages was caused by these third-parties.

### FORTY-FIRST AFFIRMATIVE DEFENSE

This Answering Defendant is informed and believes, and thereon alleges, that the occurrence referred to in Plaintiffs' Complaint, and all injuries, losses and/or damages, if any, resulting therefrom, was caused by the acts and/or omissions of Plaintiffs over whom this Answering Defendant had no control and that this Answering Defendant is therefore entitled to an apportionment of responsibility for the damages, if any, as alleged by Plaintiffs to the extent that such damages were caused by Plaintiff.

### FORTY-SECOND AFFIRMATIVE DEFENSE

This Answering Defendant is informed and believes, and thereon alleges, that it is entitled to the right of contribution pursuant to NRS 17.225 from other defendants or third-parties even if judgment is not recovered against any or all of them.

### FORTY-THIRD AFFIRMATIVE DEFENSE

This Answering Defendant is informed and believes, and thereon alleges, and thereon alleges, that certain of said parties have or will enter into settlement agreements with Plaintiffs so that in the event that this Answering Defendant is held liable to Plaintiffs herein, then this Answering Defendant is entitled to an offset, in an amount equal to any settlements previously made by Plaintiffs with any other party, against any judgment which may be entered herein.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

This Answering Defendant is informed and believes, and thereon alleges, that the injuries claimed to have been suffered by Plaintiffs, if any, was caused by either pre-existing, subsequent, or otherwise unrelated emotional and mental distress of the Plaintiffs.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

This Answering Defendant is informed and believes, and thereon alleges, that the injuries, losses and/or damages sustained by Plaintiff, if any, were unforeseeable.

12

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

This Answering Defendant is informed and believes, and thereon alleges, that any verdict rendered against this Answering Defendant must be apportioned between injuries directly caused by the incident alleged in Plaintiffs' Complaint and other medical conditions or accidents or injuries which may have predated or occurred subsequent to the incident alleged.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

This Answering Defendant is informed and believes, and thereon alleges, that Plaintiffs' respective alleged emotional and mental distress and related expenses were not reasonable and/or medically necessary.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

This Answering Defendant is informed and believes, and thereon alleges, that the incident alleged in the Complaint, and the alleged damages and/or injuries, if any, to the Plaintiffs, were proximately caused and/or contributed to by a third-party over whom this Answering Defendant had no control over, which was the sole and proximate cause of the incident alleged in Plaintiffs' Complaint and, therefore, Plaintiffs is barred from any recovery against this Answering Defendant.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

This Answering Defendant is informed and believes, and thereon alleges, that the incident alleged in the Complaint, and the resulting damage, if any, to Plaintiffs, or any other party, was proximately caused or contributed to by the comparative negligence of other yet unnamed parties, and such negligence was greater than the negligence, if any, of this Answering Defendant, thus barring any recovery by Plaintiffs pursuant to N.R.S. 41.141.

**FIFTIETH AFFIRMATIVE DEFENSE**

Pursuant to Fed. R. Civ. Proc. 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts was not available for this Answering Defendant after reasonable inquiry, and therefore, this Answering Defendant reserves the right to amend its Answer to allege additional affirmative defenses, if subsequent investigation so warrants.

13

**III.     JURISDICTIONAL BASIS FOR THE CASE**

This case was filed in the United States District Court based on diversity jurisdiction, specifically 28 U.S.C. §1332 and 28 U.S.C. §1441(b). Plaintiffs are residents of the State of Nevada. Defendant State Farm is an Illinois corporation with its principal place of business in Illinois.  Defendant Alacrity is a foreign corporation with its principal place of business in Fishers, Indiana.  In the complaint, Plaintiffs alleged State Farm underpaid the costs of repairing Plaintiffs' home by $56,749.21. Plaintiffs also seek damages for State Farm's breach of the covenant of good faith and fair dealing and violations of Nevada's insurance laws.  To that end, Plaintiffs seek the consequential damages of State Farm's delays and games, including emotional distress and attorneys' fees.  Plaintiffs also seek punitive damages.  The amount in controversy exceeds $75,000.  (Complaint, Doc 1, at ¶12).

**IV.     WHETHER ANY PARTY EXPECTS TO ADD ADDITIONAL PARTIES OR TO OTHERWISE AMEND THE PLEADINGS.**

At this time, it is not anticipated that other parties will be added to the case or that the pleadings will be amended.

**V.     WHETHER THERE ARE ANY PENDING MOTIONS, INCLUDING A BRIEF DESCRIPTION OF THOSE MOTIONS**

Ther are no pending motions.

**VI.     WHETHER THIS CASE IS RELATED TO ANY OTHER CASE PENDING BEFORE THIS OR ANY OTHER COURT, INCLUDING A BANKRUPTCY COURT, AND, IF SO, PROVIDE A BRIEF DESCRIPTION OF THE STATUS OF THOSE CASE(S).**

There are no known related cases pending in any other court.

**VII.     A COMPLETE AND DETAILED STATEMENT RELATED TO DISCOVERY**

**A.  Date the Rule 26(f) initial disclosures were provided**

**1.     Plaintiffs' Disclosures:** Plaintiffs' disclosures will be made on or before Monday, March 23, 2026.

**2.     Defendant State Farm's Disclosures:** Defendant State Farm's disclosures will be made on or before Monday, March 23, 2026.

**3.     Defendant Alacrity's Disclosures:** Defendant Alacrity's disclosures will be made on or before Monday, March 23, 2026.

14

**B.      A brief statement regarding what discovery requests have been served by any party, who the requests were served upon, and the due dates for responses to those requests.**

No discovery has been served at this time.

**C.      Whether the parties anticipate the need for a protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information**

Defendants anticipate the need for protective order regarding certain commercial information.  Defendants agreed to draft a proposed protective order at this time for all counsel's review so the stipulated protective order can be entered and the need for the protective order will not delay the production of documents later.

**D.      Any issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery**

None.

**E.      Whether the parties anticipate the need to take discovery outside of the District of Nevada or the United States, and, if so, a description of the proposed discovery**

The percipient witnesses from State Farm, as well as Fed. R. Civ. Proc. 30(b)(6) witnesses for State Farm, are located outside the State of Nevada, and would need to be deposed from their respective locations.  Likewise, the percipient witnesses from Alacrity, as well as Fed. R. Civ. Proc. 30(b)(6) witnesses for Alacrity, are located outside the State of Nevada, and would need to be deposed from their respective locations. Any experts who are not residents of the State of Nevada would need to be deposed in their respective locations.

It is anticipated that all witnesses who would be deposed reside within the United States.

**F.      A summary of the number of depositions each party anticipates taking, information related to the anticipated location of those depositions, and whether any party anticipates video and/or sound recording of depositions**

Plaintiffs anticipate taking 4-5 depositions, plus Fed. R. Civ. Proc. 30(b)(6) witness(es), as well as expert deposition(s).

Defendant State Farm anticipates taking 3-4 depositions, as well as expert deposition(s).

Defendant Alacrity anticipates taking 3-4 depositions, as well as expert deposition(s).

**VIII.  <u>A BRIEF STATEMENT REGARDING THE TYPES OF ESI EXPECTED IN THE CASE, WHERE THE ESI IS LOCATED, A STATEMENT OF ANY AGREEMENTS REACHED BY THE PARTIES RELATED TO ESI ON THE</u>**

15

**ISSUES LISTED ABOVE, AND ANY OUTSTANDING DISAGREEMENTS BETWEEN THE PARTIES RELATED TO ESI.**

The parties do not anticipate discovery issues at this time and do not foresee any issues arising from the disclosure of electronically stored information. The parties agree to serve discovery requests, discovery responses, and disclosures via electronic mail or U.S. Mail.

For electronic service to be effective as to Plaintiffs, in addition to electronic service to all counsel for record, electronic service shall also be sent to staff@levertylaw.com, unless otherwise amended in writing by Plaintiff.

For electronic service to be effective as to Defendant State Farm, in addition to electronic service to all counsel of record, electronic service shall also be sent to Jeannette.Versoza@lewisbrisbois.com and Kristen.Freeman@lewisbrisbois.com .

For electronic service to be effective as to Defendant Alacrity, in addition to electronic service to all counsel of record, electronic service shall also be sent to chmiller@grsm.com and mibarragonzalez@grsm.com

**IX.     STATEMENT AS TO WHY ADDITIONAL TIME IS REQUESTED:**

SPECIAL SCHEDULING REVIEW REQUESTED. The parties have requested longer deadlines than those specified in Local Rule 26-1(b).

At the joint case conference, the parties agreed good causes exist for the extension of deadlines.  The parties believe that this additional time is necessary as this is an alleged insurance bad faith case, which often results in discovery disputes over the discoverability of information. In addition, when witnesses are located out of state it will take considerable time to coordinate the schedules of counsel and the witnesses. Defendants' witnesses are located out of state. Plaintiffs intend to take the Fed.R.Civ. Pro. 30(b)(6) deposition of defendant State Farm on a variety of topics. Currently the parties do not know the location of the State Farm's designees, and it will take coordination of counsel and the designees to schedule the deposition(s). Likewise, Plaintiffs intend to take the Fed.R.Civ. Pro. 30(b)(6) deposition of defendant Alacrity on a variety of topics. Currently the parties do not know the location of the Alacrity's designees, and it will take coordination of counsel and the designees to schedule the deposition(s). Accordingly, the

16

parties request two hundred forty (240) days to complete all discovery <u>from the date of the early case conference</u>; instead of the 180 days from the date of the answer proscribed by the rules.

**X.      <u>PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER</u>**

      A.    <u>Initial Disclosures.</u> The parties agreed to make their initial Federal Rule of Civil Procedure 26 disclosures by **Monday, March 23, 2026**. This date is fourteen (14) days from the date of the Fed. R. Civ. Pro., Rule 26(f) conference.

      B.    <u>Discovery Cut-off Date</u>. The discovery cut-off will be **Wednesday, November 4, 2026**. The date is 240 days from the date of the Early Case Conference.

      C.    <u>Amending the Pleadings and Adding Parties</u>. Motions to amend the pleadings or add parties (Fed. R. Civ. Pro., Rules 13, 14, 19 and 20) shall be filed at least ninety (90) days before the discovery cut-off date on or before **Thursday, August 6, 2026.**

      D.    <u>FRCP 26(a)(2) Disclosures (Experts).</u> The parties propose that the parties follow the timelines set forth under Fed. R. Civ. Proc. 26.

          a.    <u>Initial Disclosures</u>: Expert witness disclosures shall be made no later than fifty-nine (59) days before the discovery cut-off date on or before **Monday, September 7, 2026.**

          b.    <u>Rebuttal Disclosures</u>: Disclosures respecting rebuttal experts (if any) shall be made no later than thirty-one (31) days after the initial disclosure of experts on or before **Wednesday, October 7, 2026.**

      E.    <u>Dispositive Motions</u>. Dispositive motions shall be filed no later than thirty (30) days after the discovery cut-off date on or before **Friday, December 4, 2026.**

      F.    <u>Motions in Limine</u>. Motions in Limine should be submitted thirty (30) days prior to trial, unless otherwise ordered by the Court.

      G.    <u>Pre-Trial Order</u>. The joint pre-trial order shall be filed no later than thirty (30) days after the date set for filing dispositive motions on or before **Monday, January 4, 2027**. In the event dispositive motions are filed, the date for filing the



joint pre-trial order shall be suspended until thirty (30) days after the decision on the dispositive motions or until further order of the Court.

H. **Extension of Scheduled Deadline**s.  All motions or stipulations to extend discovery shall be received by the Court within twenty-one (21) days before the discovery cut-off date on or before **Wednesday, October 14, 2026**.

**XI.**  **WHETHER A JURY TRIAL HAS BEEN REQUESTED, WHETHER THE REQUEST FOR JURY TRIAL IS CONTESTED (IF THE REQUEST IS CONTESTED, SET FORTH REASONS) AND AN ESTIMATED LENGTH FOR TRIAL**

Plaintiffs demanded a jury with their complaint (Doc 1). Defendant State Farm filed a jury demand. (Doc. 14). The parties anticipate the trial will take seven to ten judicial days.

**XII.**  **A STATEMENT AS TO THE POSSIBILITY OF SETTLEMENT AND WHEN THE PARTIES DESIRE A COURT SPONSORED SETTLEMENT CONFERENCE, I.E. BEFORE FURTHER DISCOVERY, AFTER DISCOVERY, AFTER DISPOSITIVE MOTIONS, ETC.**

At the early case conference, the parties discussed the possibility of settlement. At this time, it is felt that any court sponsored settlement conference would be more productive after some discovery has occurred.

**XIII.**  **WHETHER THE PARTIES INTEND TO PROCEED BEFORE THE MAGISTRATE JUDGE**

The parties discussed the possibility of trial by the Magistrate Judge under 28 U.S.C. § 636(c) and Fed. R. Civ. Pro. 73 and agree this case is properly suited before the District Court.

**XIV.**  **WHETHER EITHER PARTY REQUESTS BIFURCATION OR PHASING OF TRIAL OR HAS ANY OTHER SUGGESTIONS FOR SHORTENING OR EXPEDITING DISCOVERY, PRE-TRIAL MOTIONS OR TRIAL.**

No.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

18

**XV.    WHETHER ANY PARTY REQUESTS THAT A CASE MANAGEMENT CONFERENCE BE SET IN THE CASE.**

No.

Dated: March 11, 2026                          Dated: March 11, 2026

**LEVERTY & ASSOCIATES LAW CHTD.**    **LEWIS BRISBOIS BISGAARD & SMITH LLP**

 /S/ Patrick Leverty                              /S/ Andrew Switlyk
Patrick R. Leverty, NV Bar No. 8840        Robert Freeman, NV Bar No. 3062
608 Lander Street                             Dana A. Grigg, NV Bar No. 11962
Reno, Nevada, 89509                           Andrew Switlyk, NV Bar No. 16578
*Attorneys for John McOmber and Christy*      5555 Kietzke Lane, Suite 200
*McOmber*                                     Reno, Nevada 89511
                                              *Attorneys for State Farm Fire and Casualty*
                                              *Company*

                                              Dated: March 11, 2026

                                              **GORDON REES SCULLY MANSUKHANI, LLP**

                                              /S/ William Ginn
                                              William R. Ginn, NV Bar No. 6989
                                              Michael R. Ayers, NV Bar No. 10851
                                              Sydney Hibbs, NV Bar No. 16887
                                              1 East Liberty Street, Suite 424
                                              Reno, Nevada, 89501
                                              *Attorneys for Alacrity Claims Solutions, LLC*

ORDER

The Court adopts stipulated discovery plan and scheduling order contained herein.
IT IS SO ORDERED.
Dated: March 12, 2026.

_____
UNITED STATES MAGISTRATE JUDGE



19